**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10031 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-01622-DGC-2 |
| v. | |
| LEONARDO RABANALES-CASIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted June 10, 2014[**]
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and BEA, Circuit Judges.

"[V]iewing the evidence in the light most favorable to the prosecution," we

conclude that a "rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

With respect to Counts I and II, Rabanales-Casia argues that there was insufficient evidence to prove a conspiracy or to prove any element of hostage taking. The elements of hostage taking are that the defendant: (1) seized or detained another person, (2) threatened to kill, injure, or continue detaining that person, and (3) did so "in order to compel a third person or a governmental organization to do or abstain from doing any act as an explicit or implicit condition for the release of the person detained." 18 U.S.C. § 1203(a).

The first element is supported by testimony that the aliens were not allowed to leave the house in which they were staying. The second and third elements are supported by testimony that Rabanales-Casia threatened to leave aliens "hungry and thirsty in a dark room if" their families did not pay money to the smugglers. That Rabanales-Casia was part of a conspiracy is supported by testimony that he was employed to help collect payments from the aliens' families.

With respect to Counts III and IV, Rabanales-Casia argues that there was insufficient evidence to prove that he acted for commercial advantage or financial gain. But the government presented testimony that Rabanales-Casia was paid for his services.

We also conclude that the district court did not abuse its discretion in admitting evidence that a co-defendant raped an alien. That a female alien was

2

raped is highly probative of whether aliens were held against their will rather than in conditions to which they had consented. Any prejudice was reduced by both a limiting instruction and the condition that the government "not elicit the lurid details of the rape." The district court's decision was within its discretion under Federal Rule of Evidence 403.[1]

**AFFIRMED.**

---

[1] On appeal, Rabanales-Casia mentions additional reasons that the evidence should not have been admitted: (1) it violated Federal Rule of Evidence 404(b), (2) it violated his due process rights, and (3) it was disclosed "immediately before trial." Because he did not raise these issues below, we review for plain error. *See United States v. Sioux*, 362 F.3d 1241, 1244 n.5 (9th Cir. 2004). There was no such error in this case. *See Johnson v. United States*, 520 U.S. 461, 466–67 (1997).

3