**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10036 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-01622-DGC-5 |
| v. | |
| DOMINGO AGUSTIN-SIMON, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted November 16, 2015**
San Francisco, California

Before: THOMAS, Chief Judge and IKUTA and HURWITZ, Circuit Judges.

After a jury trial, Domingo Agustin-Simon was convicted of conspiracy to commit hostage taking, hostage taking, bringing in and harboring illegal aliens, and brandishing a firearm during a crime of violence. He appeals from the convictions

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and challenges the concurrent sentences imposed by the district court for conspiracy to commit hostage taking and hostage taking. We affirm.

**1.** The district court did not abuse its discretion in admitting testimony that Agustin-Simon sexually assaulted a hostage. The court correctly found that this testimony was relevant to show the victim was held against her will. The court reasonably concluded that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice, and gave an appropriate limiting instruction as to the jury's use of the evidence. *See* Fed. R. Evid. 403; *see also United States v. Wahchumwah*, 710 F.3d 862, 870–71 (9th Cir. 2012); *United States v. Rabanales-Casia*, 586 F. App'x 690, 691 (9th Cir. 2014) (rejecting a similar argument by Agustin-Simon's co-defendant). Even if we review for abuse of discretion rather than plain error, the district court did not abuse its discretion in concluding that the testimony was not inadmissible Rule 404(b)(1) "other act" evidence offered to show Agustin-Simon's character, but rather "part and parcel of the criminal conduct at issue."

**2.** We review the district court's sentencing decision for abuse of discretion, *see Gall v. United States*, 552 U.S. 38, 51 (2007), and find none. The district court carefully considered all relevant factors, and imposed a below-Guidelines sentence. *See United States v. Carty*, 520 F.3d 984, 988 (9th Cir. 2008) ("[A] correctly calculated Guidelines sentence will normally not be found unreasonable on

2

appeal."). The sentences did not create "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a)(6).

**AFFIRMED**.